**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

NICHOLAS DEVON BOOKER, a/k/a
Pooh Bear,
*Defendant-Appellant.*

No. 01-4577

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

LASHAWN L. LEE, a/k/a Cookie,
*Defendant-Appellant.*

No. 01-4650

Appeals from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, Chief District Judge.
(CR-01-4)

Submitted: May 30, 2002

Decided: June 17, 2002

Before WIDENER, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Sol Z. Rosen, Washington, D.C.; S. Mason Preston, PRESTON & WEESE, L.C., Lewisburg, West Virginia, for Appellants. Kasey Warner, United States Attorney, Samuel D. Marsh, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Nicholas Devon Booker was sentenced to thirty-three months pursuant to his guilty plea to distribution of marijuana. LaShawn L. Lee received an eighty-four month sentence pursuant to his guilty plea to distribution of cocaine base. On appeal, Booker and Lee maintain that the district court erred in determining the quantity of controlled substances attributable to them, respectively, as relevant conduct. Lee further argues that the district court erred in imposing a two-level sentence enhancement for possession of a dangerous weapon under *United States Sentencing Guidelines Manual* § 2D1.1(b)(1) (2000). These appeals have been consolidated. Finding no reversible error, we affirm.

The district court's determination of the drug quantity attributable to a defendant is a factual finding reviewed for clear error. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). In determining drug quantity, a district court must consider whether the Government has established drug quantity by a preponderance of the evidence. *United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1996); *see also United States v. Obi*, 239 F.3d 662, 667 (4th Cir.) (upholding a district court's determination of drug quantity by a preponderance of the evidence where no violation occurred under *Apprendi v. New Jersey*, 530 U.S. 466 (2000)), *cert. denied*, 122 S. Ct. 86 (2001).

Under USSG § 1B1.3(a)(2), drug quantities not specified in the count of conviction are considered as relevant conduct for sentencing when they are part of the same course of conduct, or common plan or scheme. USSG § 1B1.3(a)(2); *United States v. Ellis*, 975 F.2d 1061, 1067 (4th Cir. 1992). In calculating drug amounts, the court may consider any relevant information, provided that the information has sufficient indicia of reliability to support its probably accuracy. *United States v. Uwaeme*, 975 F.2d 1016, 1021 (4th Cir. 1992). Even hearsay alone can provide sufficiently reliable evidence of drug quantity. *Id.*

On appeal, Booker maintains that the relevant conduct attributed to him, aiding in the sale of cocaine base to an undercover agent, was not established by a preponderance of the evidence. We disagree, finding sufficient evidence to support the amount of drugs attributed to him as relevant conduct. In challenging the district court's determination of his relevant conduct, Lee argues that Shawn Meador's testimony was so obviously false and contradictory that it was incredible. The record reflects, however, that the district court clearly considered all credibility issues concerning Meador's testimony. The fact that the court ultimately found Meador credible regarding the July 2000 transaction was well within its discretion. The credibility of a witness is a matter within the discretion of the fact finder and is generally not subject to appellate review. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

Lee next argues that the district court erred in not giving adequate weight to the amounts estimated in the Government's relevant conduct letter. As Lee recognizes, the Government's letter was not binding on the district court. The court heard Meador's testimony, reasonably found a portion of his testimony credible, and attributed an additional one-half ounce of crack cocaine to Lee. Finding Meador credible, the district court was simply under no obligation to attach conclusive weight to the relevant conduct letter.

Last, Lee argues that the district court erred in assessing a two-level enhancement for possession of a dangerous weapon during a drug offense pursuant to USSG § 2D1.1(b)(1). The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. USSG § 2D1.1,

comment. (n.3). The determination that a weapon enhancement is warranted is a factual question subject to clearly erroneous review. *United States v. Apple*, 915 F.2d 899, 914 (4th Cir. 1990). We have reviewed the record and find no clear error in the imposition of the two-level enhancement.

Accordingly, we affirm Booker's and Lee's sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*